■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASAN MUHAMMED, Appellant. [881 NYS2d 423]—

Judgments, Supreme Court, New York County (Michael A. Corriero, J.), rendered January 8, 2008, convicting defendant, after a jury trial, of robbery in the third degree, and also convicting him, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 3 to 6 years and 4½ years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Any inconsistencies in the victim's testimony were minor and did not detract from the credibility of the account he provided.

The court properly declined to deliver an adverse inference charge for the People's inability to locate a police medical treatment of prisoner form. This form did not constitute Rosario material (People v Rosario, 9 NY2d 286 [1961], cert denied 368 US 866 [1961]), because the subject matter of the form did not relate to the subject matter of the police witness's testimony. While defendant asserts a possible connection between the form and the witness's testimony, we find such a connection to be extremely tenuous. In any event, even assuming this form existed and that it was Rosario material, there is no reasonable possibility that its nondisclosure materially contributed to the result of the trial (see CPL 240.75). Concur—Mazzarelli, J.P., Andrias, Nardelli, DeGrasse and Abdus-Salaam, JJ.